# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN BRADLEY MELL, | : : : | Case No. 3:20-cv-2277 (BRM) |
| Petitioner, | : : |  |
| v. | : : | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | : : |  |
| Respondent. | : : |  |

*Pro se* Petitioner Bradley Mell ("Petitioner"), a prisoner confined at Low Security Correctional Institution-Allenwood in White Deer, Pennsylvania, had filed a Motion to Vacate pursuant 28 U.S.C. § 2255. (ECF No. 1.)

**IT APPEARING THAT**:

1. With his § 2255 Petition, Petitioner also submitted a Motion for Recusal Pursuant to 28 U.S.C. § 455(a) and a Motion for Bail. (ECF No. 1 at 8-10.)

2. With regard to his Motion for Recusal, "a federal judge must self-disqualify from 'any proceeding in which his impartiality might reasonably be questioned.'" *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012) (quoting 28 U.S.C. § 455(a)). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). "An objective inquiry, this test is not concerned with the question whether a judge actually harbors bias against a party." *Kennedy*, 682 F.3d at 258. "Because § 455(a) aims not only to protect both the rights of the individual litigants, but also to promote the public's confidence in the judiciary, our analysis focuses on upholding the appearance of justice in our courts." *Id.* "[T]he

hypothetical reasonable person under § 455(a) must be someone outside the judicial system...." *In re Kensington*, 368 F.3d at 303 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)). *See also In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("We also said that, when considering disqualification, the district court is not to use the standard of 'Caesar's wife,' the standard of mere suspicion.").

3. In his first ground for relief in his Petition, Petitioner argues his counsel was ineffective when he failed to appeal and/or object to the Court's alleged impermissible participation in plea negotiations. (Pet. 3.) Specifically, on December 20, 2018, Petitioner entered a plea of guilty on the record pursuant to a plea agreement which stipulated a five-year term of imprisonment. (*Id.*) According to Petitioner, his attorney informed him that in a subsequent phone call with counsel on June 6, 2019, the Court "expressed great displeasure with the terms and conditions of the plea agreement -- specifically the term of imprisonment -- and directed that a new plea agreement with a greater prison term of imprisonment be prepared." (*Id.*) Petitioner argues this constituted impermissible participation in plea negotiations, in violation of Federal Rule of Criminal Procedure 11(c)(1), and counsel should have objected and/or appealed on this basis. (*Id.*)

4. The Court does not find recusal to be warranted in this matter. It appears Petitioner's basis for recusal boils down to the fact that the Court will need to review its own rulings or actions to determine whether counsel was ineffective. However, "petitions for post-conviction relief frequently require such review because the statute requires that any such motion must be made before 'the court which imposed the sentence.'" *Burns v. United States*, No. 08-701, 2012 WL 3277081, at *1 (D.N.J. Aug. 9, 2012) (citing 28 U.S.C. § 2255(a)). Without more, the mere fact

this Court will have to review its own actions to determine whether Petitioner is entitled to relief does not warrant recusal. *See In re Burnett*, 537 F. App'x 30, 31 (3d Cir. 2013) (that a court must review its prior rulings from the trial does not require recusal in 2255 proceeding).

5. Petitioner also seeks bail during the pendency of his 2255 because of "the flagrant and egregious Governmental misconduct that resulted in both the Defendant and the Public being denied the protection afforded under the Speedy Trial Act." (Pet. 9.)

6. The issue of bail in these circumstances was considered by the Court of Appeals in *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992). The court stated that "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Id.* at 1239 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). The court observed that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Id.* The court cited two cases that presented extraordinary circumstances: the first involved a petitioner who was an advanced diabetic and in poor health. *See Marsh*, 227 F.2d at 529; the second concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided. *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In *United States v. Stewart*, 127 F. Supp. 2d 670, 671-72 (E.D. Pa. 2001), the District Court for the Eastern District of Pennsylvania denied a motion for bail brought by a § 2255 petitioner who alleged that he had a strong likelihood of success on the merits. The court denied the motion finding that the government has not yet had a fair opportunity to respond to the petition, which

3

raised novel and complex issues. (*Id.* at 672.) The Court further found even if the petitioner had a high probability of success on the merits, he must also demonstrate that extraordinary circumstances exist that warrant bail and had not done so. (*Id.*)

Here, Petitioner has not shown any extraordinary circumstances that would warrant bail. Furthermore, the Government has not had an opportunity to respond to the allegations in the Petition or provide the relevant record for the Court's review. As such, the Court will deny the motion for bail.

7. At this time, the Court must also provide Petitioner with the required notice under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999):

> You have filed a pleading challenging your federal conviction and incarceration. Because federal law requires a District Court to dismiss a second or successive § 2255 motion, *see* 28 U.S.C. § 2255(h), 2244(a), a § 2255 movant must include on the face of his or her first § 2255 motion all available federal claims. *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); 28 U.S.C. § 2255 Rule 2(b)(1) (requiring the motion to vacate to "specify all the grounds for relief available to the moving party"). In accordance with *United States v. Miller*, *supra*, you have two options at this time:
>
>> a. Have your pending § 2255 Motion (ECF No. 1) considered as your all-inclusive § 2255 motion, or
>>
>> b. Withdraw the § 2255 Motion and file an amended § 2255 motion, which includes all available federal claims, provided the amended all-inclusive § 2255 motion is filed within 45 days of the date of the entry of this Order.
>
> The Court will then screen the motion or amended motion under the Rules Governing § 2255 Motions. If you do not respond to this Order in writing within 45 days of the date of the entry of this Order, then this Court will consider your pending § 2255 Motion as your all-inclusive § 2255 motion.

Accordingly, and for good cause appearing,

**IT IS** on this 26th day of March 2020,

**ORDERED** that Petitioner's Motion for Recusal Pursuant to § 455(a) is **DENIED**; and it is further

**ORDERED** that Petitioner's Motion for Bail is **DENIED**; and it is further

**ORDERED** that within 45 days of the date of this Order, Petitioner shall either notify the Court in writing that he intends to have his pending § 2255 Motion considered as his all-inclusive § 2255 motion, **or** submit an amended § 2255 motion, which includes all available federal claims; if Petitioner does not respond within 45 days, the Court will consider his pending § 2255 Motion (ECF No. 1) to be his all-inclusive Motion; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**