UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN BRADLEY MELL, | : : : | Case No. 3:20-cv-2277 (BRM) |
| Petitioner, | : : |  |
| v. | : : | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | : : |  |
| Respondent. | : : |  |

**THIS MATTER** is opened to the Court by Petitioner Steven Bradley Mell ("Petitioner") upon the submission of a Motion to Vacate, Set Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 1.)

**IT APPEARING THAT**:

1. On March 24, 2020, Petitioner filed an "Emergency Letter Motion" seeking bail pending habeas review. (ECF No. 5.) In his Motion, he states the following:

> On March 23, 2020, approximately twenty (20) inmates were transferred into L.S.C.I. Allenwood. Staff could be seen (in full hazardous-material protective gear) escorting these inmates within the compound. Upon information and belief, the inmates were transferred from a federal detention center in New York City, to be quarantined at this institution. Inmates, including Defendant, watched in horror as these inmates were led into an area common to general population inmates. Upon information and belief, the inmates transferred here were exposed to the coronavirus, and at least one inmate at the facility from which they were transferred has tested positive for the virus. Suffice it to say that because the inmates transferred to L.S.C.I. Allenwood will certainly have contact with staff, dining wear, linen and clothing, just to name a few common items, all inmates -- including Defendant -- are at a considerably greater risk of being likely exposed to the coronavirus given its possible introduction into the institution.

(*Id.* at 1.)

2. Based his observation, Petitioner argues bail while his § 2255 petition is pending before this Court is warranted. (*Id.*)

3. The issue of bail in these circumstances was considered by the Court of Appeals in *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992). The court stated "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Id.* at 1239 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). The court observed "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Id.* The court cited two cases presenting extraordinary circumstances: the first involved a petitioner who was an advanced diabetic and in poor health. *See Marsh*, 227 F.2d at 529; the second concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided. *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

4. While the Court certainly recognizes the seriousness of the COVID-19 pandemic, Petitioner has not met the "extraordinary circumstances" necessary to warrant bail. While he believes there were inmates transferred to his prison who were exposed to the virus, there is no indication the prison cannot, and is not, taking the proper precautions to prevent any potential spread. That is confirmed by the Government's response, which outlines the steps the Bureau of Prisons and L.S.C.I. Allenwood are taking to keep the facilities safe. (ECF 10 at 4-5.) Moreover, Petitioner has not alleged any health conditions putting him at heightened risk for contraction and/or complications from the virus. Because he has not shown "extraordinary circumstances,"

Petitioner is not entitled to bail. *See Landano*, 970 F.2d at 1239; *Lucas v. Hadden*, 790 F.2d 365 (3d Cir.1986).

Accordingly, and for good cause appearing,

**IT IS** on this 13th day of April 2020,

**ORDERED** that Petitioner's Motion for Bail (ECF No. 5) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**