

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Patricia Astorga*
*Assistant United States Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

973-645-2700
Fax: 973-645-2702

April 20, 2020

**Via Email and ECF**
The Honorable Brian R. Martinotti
United States District Judge
Clarkson S. Fisher Federal Building
 and United States Courthouse
402 E State St, Trenton, NJ 08608

      Re:   *United States v. Steven Bradley Mell*
                Crim. No. 18-757/Civ. No. 20-2277

Dear Judge Martinotti:

     The Government respectfully requests entry of an order that would permit Robert Anthony Bianchi, Esq., John C. Whipple, Esq., and Michael P. Koribanics, Esq., former defense attorneys for Petitioner Steven Bradley Mell (collectively, "Former Counsel"), to disclose to the Government otherwise privileged communications that have been placed in issue by virtue of Mr. Mell's claims of ineffective assistance of counsel in his § 2255 motion.   The Government also asks that this order permit Former Counsel to provide the Government with any documents that bear on those ineffective assistance of counsel claims.

     A claim of ineffective assistance of counsel typically permits the counsel who provided that assistance to voluntarily disclose confidential client information reasonably necessary to refute the claim.   That is because the claim implicitly waives the attorney-client privilege for any communications implicated by that claim.[1]   In his Petition, Mell alleges that Former Counsel

---

[1] *See, e.g., United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) *cert. denied* 130 S.Ct. 1548 (2010) ("When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications."); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005)

were ineffective for: (i) failing to object to or appeal from the Court's allegedly "impermissible participation in the plea negotiations;" (ii) erroneously advising Petitioner that he had no right to appeal his sentence; and (iii) failing to seek dismissal of the complaint or information under Speedy Trial grounds.

To address these claims, the Government needs to interview Former Counsel about their communications with Mell, including legal advice they provided and strategic decisions they made in consultation with Mell. Former Counsel should be permitted to disclose to the Government both the communications they each had with their former client as well as any documents that are relevant to resolving the claims asserted by the Petitioner. That will enable the Government to better assess Mell's ineffectiveness claims, while assuring Former Counsel, who have not yet confirmed whether they will speak with the Government in the absence of a court order, that providing this information will not violate their duty to their former client.[2]

---

("The implied waiver in habeas proceedings [is] the result of petitioner's assertion of his own counsel's ineffectiveness."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (holding that, by bringing an ineffective-assistance claim, § 2255 movant waives attorney-client privilege with respect to conversations that "bore on his attorney's strategic choices."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("[Attorney-client] privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.").

[2] Under the Model Rules of Professional Conduct, a lawyer may reveal information reasonably necessary to respond to allegations concerning the lawyer's representation of the client. Comment 5 to Model Rule 1.6 defines confidential information to include "not . . . only matters communicated in confidence by the client but also to 'all information relating to the representation, whatever its source." *See*, MODEL RULES OF PROF'L CONDUCT R. 1.6 cmt.[3] (2009). Hence, information relevant to an ineffective assistance of counsel defense would be covered by Rule 1.6. The self-defense exception to the duty of confidentiality permits a lawyer to disclose otherwise confidential client information to the extent he reasonably believes is necessary to 'respond to allegations in any proceeding concerning the lawyer's representation of the client[.]" MODEL RULES OF PROF'L CONDUCT R. 1.6(b)(5) (2009). Accordingly, defense counsel would be permitted to disclose only as much information as reasonably necessary to defend against the allegations. *See,* MODEL RULES OF PROF'L CONDUCT R. 1.6 cmt. 14 (2009) (The exceptions to the

Therefore, the United States respectfully requests that the Court permit Former Counsel to discuss the substance of their representation of Mr. Mell and provide the Government with any documents bearing on the former client's ineffectiveness claims.  For the Court's convenience, I have enclosed a proposed Order to accomplish that end.

Thank you for your consideration of this request.

    Respectfully,

    CRAIG CARPENITO
    United States Attorney

    */s/ Patricia Astorga*
    By: Patricia Astorga
    Assistant U.S. Attorney

cc: Steven Bradley Mell
71587-050
Low Security Correctional Institution-Allenwood
P.O Box 1000
White Deer, Pa 17887

---

confidentiality rule "permit[ ] disclosure only to the extent the lawyer reasonably believes necessary to accomplish one of the purposes specified . . . . [A] disclosure adverse to the client's interests should be no greater than the lawyer reasonably believes necessary to accomplish the purpose."); *Nat'l Mortgage Equity Corp. v. Mortgage Pool Certificates Sec. Litig.*, 120 F.R.D. 687, 692 (C.D. Cal. 1988) ("[D]isclosure [of confidential information] should be no greater than the lawyer reasonably believes is necessary to vindicate innocence."); *Adelman v. Adelman*, 561 So. 2d 671, 673 (Fla. Dist. Ct. App. 1990) (attorney only may reveal confidential information necessary to defend himself in a malpractice action); *Fellows v. Keating*, No. 3913, 1988 WL 32968, at *2 (Ohio Ct. App. Mar. 11, 1988) (attorney's disclosure of confidential information was not sufficiently necessary to defend against accusation that attorney failed to deliver certain documents to client).