**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| STEVEN BRADLEY MELL, | : | |
| | : | Case No. 3:20-cv-2277 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

    **THIS MATTER** is opened to the Court by Petitioner Steven Bradley Mell ("Petitioner") upon the submission of a Motion to Vacate, Set Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 1.)

    **IT APPEARING THAT:**

    1. On March 24, 2020, Petitioner filed an "Emergency Letter Motion" seeking bail pending habeas review. (ECF No. 5.)

    2. The Court reviewed his letter and, on April 13, 2020, entered an Order concluding he had not shown "extraordinary circumstances" sufficient to warrant bail. (ECF No. 11.) In so finding, the Court relied on the facts there are no indications the prison cannot, and is not, taking the proper precautions to prevent any potential spread, and Petitioner has not alleged any health conditions putting him at heightened risk for contraction and/or complications from the virus. (*Id.*)

    3. However, Petitioner had supplemented his Motion via facsimile on April 12, 2020, which was filed in his underlying criminal matter due to the case number Petitioner provided. (*See U.S. v. Mell*, Case No. 3:18-cr-757, ECF No. 60.) The Court interpreted the filing to be a Motion

for Compassionate Release pursuant to the First Step Act, 18 U.S.C. § 3582 and denied his request as premature because the Bureau of Prisons has until May 7, 2020 to address it. (ECF No. 61.)

4. Thereafter, on April 14, 2020, Petitioner submitted a Motion for Reconsideration via facsimile. He requests reconsideration of both this Court's April 13, 2020 Order denying bail during his pending § 2255 case (ECF No. 11), as well as the Court's Order denying his Motion for Recusal under 28 U.S.C. § 455 (ECF No. 2). He requests reconsideration of the bail decision because the Court "overlooked or ignored" his medical conditions and "overlooked or ignored" his statements regarding the circumstances of his current living situation which contradict any alleged steps the Bureau of Prisons purports to be undertaking. His basis for reconsideration of the recusal motion is the Court ignored these facts when denying his bail motion, therefore it must be biased against him.

5. While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.*, Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). When the assertion is the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353

(D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration].").

6. With regards to Petitioner's request for reconsideration of the Court's prior order denying bail, the Court will grant such a request to consider the facts contained in Petitioner's supplemental Motion for Bail.[1] In his supplemental Motion, captioned and filed in the criminal case, Petitioner asserts he suffers from Crohn's Disease, primary sclerosing cholangitis, liver disease, heart disease, high blood pressure and asthma/bronchitis. *(See U.S. v. Mell*, Case No. 3:18-cr-757, ECF No. 60.) He also alleges at least one staff member at the "Allenwood Complex" is believed to have tested positive and one inmate was reported to have exhibited symptoms and transferred to a local hospital. (*Id.*) Finally, he alleges he is required to remain indoors with more than 100 inmates in an open-air dormitory setting, and at any given time, he is forced to be within far less than 6 feet of at least 12 other inmates. (*Id.*)

7. As previously stated, the issue of bail in these circumstances was considered by the Court of Appeals in *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992). The court stated "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Id.* at 1239 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). The court observed "[v]ery few cases have presented extraordinary circumstances, and those that

---

[1] To avoid these types of issues in the future, Petitioner is advised he must use only his criminal docket number (Case No. 3:18-cr-0757 (BRM)) when he is making a request in his criminal case and only his § 2255 docket number (Case No. 3:20-cv-2277 (BRM)) when he is making a request in that case.

have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Id.* The court cited two cases presenting extraordinary circumstances: the first involved a petitioner who was an advanced diabetic and in poor health. *See Marsh*, 227 F.2d at 529; the second concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided. *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

8. While the Court certainly recognizes the seriousness of the pandemic, the Court again finds Petitioner has not met the "extraordinary circumstances" necessary to warrant bail. Even crediting Petitioner's statements regarding his medical conditions,[2] there are still no documented cases of the virus at his prison. (*See* https://www.bop.gov/coronavirus/) (last accessed April 19, 2020 (reflecting one staff member infection each at both FCI Allenwood Medium and USP Allenwood but none at FCI Allenwood Low); *cf. United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (addressing a compassionate release request and noting "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread") (internal citation omitted). Moreover, while Petitioner alleges he is at risk because he cannot maintain social distancing at all times in his dormitory setting, there are no indications the prison and BOP are not utilizing other measures to address those issues such as masks, additional cleaning and sanitizing, etc.

---

[2] The Court notes it is accepting Petitioner's statements he is at higher risk due to his current medical conditions for purposes of this Motion because he still fails to show extraordinary circumstances. Such acceptance at this time shall in no way bind the Court in any future decisions. Nor does the Court's decision not to address Petitioner's probability of success on the merits. The Court simply does not reach that prong because it is unnecessary to resolve this Motion.

Therefore, while the Court will reconsider its prior Order to take his supplemental allegations into account, the Court nevertheless finds he has not alleged "extraordinary circumstance" to support a release on bail during the pendency of his § 2255 petition. *See Landano*, 970 F.2d at 1239; *Lucas v. Hadden*, 790 F.2d 365 (3d Cir. 1986).

9. Petitioner's request to reconsider this Court's denial of his recusal motion is also denied. While the Court inadvertently did not consider Petitioner's arguments from his supplemental motion when it originally addressed his request for bail, such a mistake does not reflect any bias against Petitioner. The filings of his Motion and supplemental Motion, as well as the Court's Orders addressing both were filed extremely close temporally and reflect nothing more than inadvertence. Supporting the conclusion the handling of his Motion does not reflect bias or warrant recusal, the Court even ordered the Government to respond to his original Motion to ensure it had a complete record before ruling, thereby demonstrating the seriousness with which this Court takes allegations of risks to Petitioner's health and safety. Therefore, Petitioner's Motion for Reconsideration of this Court's prior denial of his recusal motion is denied.

Accordingly, and for good cause appearing,

**IT IS** on this 20th day of April 2020,

**ORDERED** that Petitioner's Motion for Reconsideration, submitted via facsimile and filed on the docket with this Order, is **GRANTED** for the limited purpose of considering those arguments raised in his Supplemental Motion in his criminal case (*U.S. v. Mell*, Case No. 3:18-cr-757, ECF No. 60); his Motion for Reconsideration of the Court's prior Order denying recusal is **DENIED**; and it is further

**ORDERED** having now considered the arguments made in his Supplemental Motion for Bail (*id.*), the Court again **DENIES** his request for bail during the pendency of his habeas petition; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner by regular U.S. mail.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE