MAY 8, 2020

THE HONORABLE BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

   Re: Steven Bradley Mell v. United States, Docket No. 20-CV-2277 (BRM)

Dear Judge Martinotti:

   Petitioner hereby seeks leave to amend his pending 28 U.S.C. 2255 motion ("Section 2255 Motion"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, with the claims/arguments advanced hereinafter. Petitioner also seeks an order expediting these proceedings or, in the alternative, revisit the order denying his bail motion. Finally, Petitioner seeks leave of the Court to file this motion by fax, in light of the national "lockdown" which deprives him of access to legal writing materials. For the reasons the follow this motion should be granted.

I. LEAVE MUST BE GRANTED TO AMEND THE SECTION 2255 MOTION.

   Petitioner moves to add to the pending Section 2255 motion additional claims of ineffective assistance of counsel. Leave should be freely granted. See, Foman v. Davis, 371 U.S. 178, 182 (1962). Further, Rule 15 applies to Section 2255 proceedings. United States v. Santarelli, 929 F.3d 95 (3d Cir. 2019)(applying Rule 15(c) to Section 2255 motion). The new claims raise substantial constitutional question and establish that Petitioner is "actually innocent" of the charged offenses.

II. AN ORDER EXPEDITING THESE PROCEEDINGS OR GRANT BAIL SHOULD ISSUE.

   Petitioner previously sought bail and the Court denied the request. Petitioner now seeks an order expediting these proceedings given his "actual innocence" and unconstitutional federal confinement. Alternatively, Petitioner requests that the Court revisit its decision to deny him bail. As stated hereinafter, the conduct that formed the basis for the guilty plea did not constitute a violation of the 18 U.S.C. 2423(b) or 2252A(a)(2). Thus. the interest of justice counsels in favor of a prompt resolution of these issues. A miscarriage of justice will result from a delay in the final decision of the merits of the claims advanced in these proceedings, and Petitioner continued confinement.

III. PETITIONER'S PLEA AND CONVICTION ARE UNCONSTITUTIONAL.

(A) The Legal Standard.

   Petitioner submits that counsel was ineffective by misrepresenting that his conduct violated 18 U.S.C. 2423(b) and 2252A(a)(2), and in advising him to plead guilty despite his actual innocence. To establish ineffective assistance of counsel, Petitioner must demonstrate both deficient performance by counsel, and prejudice resulting from counsel's unprofessional errors. Strickland v. Washington, 466 U.S. 668 (1984). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" Padilla v. Kentucky, 559 U.S. 356, 364 (2010); McMann v. Richardson, 397 U.S. 759, 771 (19970); Strickland, 466 U.S. at 686; Von Moltke v. Gillies, 332 U.S. 708, 721 (1948). Deficient performance requires a showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. To establish prejudice a defendant must demonstrate that but for counsel's errors he would not have entered a plea of guilty, and would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

   To establish "actual innocence," Petitioner must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. See, Bousley v. United States, 523 U.S. 614, 623 (1998); Bruce v. Warden Lewisburg USP, 868 F.3d 170, 184 (3d Cir. 2017); Jacobs v. United States, No. 15-CV-3661 (RMB), 2018 U.S. Dist. LEXIS 73975 at *32-*33 (D.N.J. May 1, 2018).

   As the facts make clear, the conduct alleged as the basis for Counts One and Two did not fall within the ambit of either Section 2423(b) or 2252A(a)(2). Notably, Petitioner was also prosecuted in state court for the same conduct, and entered a plea of guilty. He is currently serving a concurrent state sentence. Consequently, counsel's performance was deficient and resulted in a guilty plea that was wholly unknowing, involuntary and unintelligent. The judgment must promptly vacated, and Counts One and Two should be dismissed with prejudice.

(B) Petitioner Is Actually Innocent Of Violating 18 U.S.C. 2423(b)(Count One)

   Count One charged Petitioner with violating Section 2423(b), by traveling to New York for the purpose of engaging in the production of child pornography and sexual intercourse with "Victim 1," while she was 16-years-old, and "before her 17th birthday." (See, Information [Count One]). Section 2423(b) makes it unlawful to travel in interstate "with the intent to engage in sex with a minor between ages of twelve and sixteen." See, United States v. Schneider, 801 F.3d 186, 189 (3d Cir. 2015). The child pornography allegation involved a photograph of the alleged victim (whose breasts were exposed), taken on August 23, 2017, in a New York hotel. Count One also encompasses an allegation that Petitioner and the alleged victim had sexual intercourse on that occasion. As noted, at the time, the alleged victim was sixteen (16) years old. Thus, the alleged conduct did not violate Section 2423(b). Counsel incorrectly advised Petitioner that the cited conduct violated Section 2423(b), and advised this Petitioner to enter a plea of guilty rather than proceeded to trial and face a prison term of 30 years. Petitioner accepted counsel advice, as he could reasonably be expected to, and entered a plea of guilty.

   Section 2423(b) punishes the travel in interstate commerce where the purpose is to engage in illicit sexual conduct with another person. The term "'illicit sexual conduct' means (1) a sexual act. . .with a person under 18 years of age that would be a violation of Chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States. . . ." 18 U.S.C. 2423(f)(1). In a prosecution under 2423(b), the government must prove (1) interstate travel and (2) intent to engage in illicit sexual conduct. The government must allege and prove that defendant traveled with the intent to engage in sexual activity that, if it had occurred, could have been charged as a federal offense if it had

occurred in a federal enclave. Thus, if the intended victim was between twelve and sixteen, then the age of the intended victim and the age difference between the victim and the defendant is relevant. Intended sex with a 16- or 17-year-old is chargeable only if a Chapter 109A offense is implicated -- and a Chapter 109A, to this extent relevant, requires a use of force.

Consensual sex between an adult and a sixteen year old does not violated Section 2423(b). "The age of consent under federal law is sixteen years old, so under federal law, sex with a person between sixteen and eighteen is chargeable only if the defendant engaged in coercive conduct, such as the use of force or threats or administering some intoxicant to the victim." United States v. Murphy, 942 F.3d 73, 81 (2d Cir. 2019). Petitioner was charged with a consensual (albeit improper) sexual relationship with the alleged victim. Since there was no force alleged or established, the conduct was not criminalized by Section 2423(b).

Notably, "[i]n a 1998 letter, the Department of Justice urged Congress to remove 2423(f)(1)'s cross-reference to Chapter 109A in part because 'a person who traveled in interstate commerce with the intention of having consensual sexual activity with a 16-year-old minor would not violate the statute,' which had become 'a barrier to prosecution of Section 2423(b) crimes in cases where the person travels to meet a minor aged 16-18.' H.R. Rep. No. 105-557, 105th Cong., 2d Sess. at 28. (letter of Ann M. Harkin, Acting Assistant Attorney General)." Murphy, 942 F.3d at 81. Here, the alleged intended sexual encounter was the consensual sexual intercourse between the Petitioner and the then-sixteen year old alleged victim. As the Justice Department has openly acknowledged, "a person who traveled in interstate commerce with the intention of having consensual sexual activity with a 16-year-old minor would not violate statute."

Simply put, the conviction in this case cannot stand and it would be a complete miscarriage of justice to allow it to stand given Petitioner factual and legal innocence. Consequently, the judgment should be promptly vacated in the interest of justice.

(C)   Petitioner Is Actually Innocent Of Violating 18 U.S.C. 2252A(a)(2)(A)(Count Two).

Count Two charged Petitioner with receiving child pornography, in violation of Section 2252A(a)(2)(A). That Section "punish[es] only those who 'knowingly' receive. . .child pornography." United States v. Miller, 527 F.3d 54, 63 (3d 2008). Thus, a defendant who unwittingly receives child pornography would not be guilty of a "receiving" offense. Although Count Two did not identify the "child pornography," Petitioner understood (based on counsel's misrepresentations) that he was guilty of the offense charged in Count Two by virtue of his participation in the creation of the aforementioned photograph wherein the alleged victim appears with her breast exposed. Although Count Two does not set forth a specific date on which Petitioner was alleged to have received the child pornography, and instead alleged dates spanning several months, each
receipt of child pornography would be a separate and distinct offense. The Government would have been forbidden to charge multiple distinct offenses in a single count. See, e.g., United States v. Starks, 515 F.2d 112 (3d Cir. 1975)(duplicity).

The photograph was not "child pornography" since it depicts only mere nudity. On the advice of counsel, Petitioner entered a plea believing that the photograph of himself and the alleged victim constituted child pornography, and that he was guilty of Count Two based solely on his receipt of that photograph from the alleged victim. But for counsel's advice in this regard, Petitioner would never have entered a plea of guilty to Count Two.

"Child pornography" means any visual depiction of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct. 18 U.S.C. 2256(8). Section 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated [] sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal," "masturbation, " or "lascivious exhibition of the anus, genitals, or pubic area of any person." Id. A photograph bearing ones breast cannot be considered "child pornography." Indeed, as the Third Circuit has held, "[t]he language of the statute makes clear that the depictions must consist of more than merely nudity..." United States v. Villard, 885 F.2d 117, 122 (3d Cir. 1989); United States v. Horn, 187 F.3d 781, 789 (8th Cir. 1999)("Nudity alone does not fit this description; there must be an 'exhibition' of the genital are and the exhibition must be 'lascivious.'") The photograph in this case simply does not fit within the definition of "child pornography."

It is not uncommon for a defendant to accept his attorney's advice as to what conduct is criminal, only to later learn that his attorney was wrong, and to have the conviction vacated. See, e.g., Taylor v. United States, 2020 U.S. Dist. LEXIS 34341 at. n.6 (S.D. Ind. Feb. 28, 2020)("Five years ago the government charged Taylor with twelve counts of sexually exploiting children. Three of those counts were based on evidence that did not satisfy the exploitation statute."). The conviction must be vacated.

IV.   CONCLUSION.

The Court should issue an order expediting these proceedings, or release Petitioner on bail, and promptly vacate the convictions, and dismiss (with prejudice) both counts.

WHEREFORE, Petitioner prays that this motion will be granted.


Respectfully submitted,


/s/ Steven Bradley Mell
-------------------------------------
STEVEN BRADLEY MELL
REGISTER NO. 71587-050
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

cc: Patricia Astorga, AUSA