<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN BRADLEY MELL,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No. 2:20-cv-2277 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Steven Bradley Mell's ("Petitioner") motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 46.) The Court previously granted Petitioner's voluntary withdrawal of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 45.) For the reasons set forth below, Petitioner's motion for relief from judgment is **DENIED**.

**I.   BACKGROUND**

On July 17, 2019, Petitioner pled guilty pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), to a two count Information charging him with one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). (*United States v. Mell*, Cr. No. 18-757, ECF Nos. 41, 42, & 43.) Count one charged Petitioner "did knowingly travel in interstate commerce for the purpose of engaging in illicit sexual conduct with Minor Victim 1, who had not yet attained the age of 18 years, specifically, the production of child pornography,

and vaginal penetration in New York State prior to Minor Victim 1's 17th birthday." (*See* 18-cr-757, ECF No. 26.) Count two charged Petitioner:

> did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), images and videos of Minor Victim 1, which images and videos had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, by any means, including by computer, and which were produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer.

(*Id.*) In a judgment entered on June 19, 2019, this Court sentenced Petitioner to a total of eighty-four (84) months imprisonment, and five years of supervised release. (*Id.*, ECF No. 45.)

On March 2, 2020, Petitioner filed a *pro se* § 2255 motion raising the following claims:

> 1) Counsel was ineffective when he failed to object to and/or appeal from the District Court's impermissible participation in the plea negotiations; and
>
> 2) By virtue of ineffective assistance of counsel, movant was denied his "right to appeal" the judgement of conviction and sentence; and
>
> 3) Movant was denied effective assistance of counsel when counsel failed to seek dismissal of the Complaint or Information on the ground that unnecessary delay and a lack of diligent preparation by the government were the only reasons underlying the failure to file an indictment or an information within the time set by the Speedy Trial Act [18 U.S.C. § 3161(b)].

(ECF No. 1.) Petitioner subsequently retained counsel who, with the Court's permission, filed a counseled memorandum of law. (ECF No. 36.) Petitioner argued: 1) Count One of the Information failed to allege the crime of illicit sexual conduct and therefore should be vacated; and 2) Petitioner was deprived of the effective assistance of counsel, who did not realize that Count One of the Information failed to state a crime. (*See id.*) Respondents filed a response on December 1, 2020. (ECF No. 39.)

On December 28, 2020, counsel filed a letter motion stating, "After consulting with [Petitioner], I respectfully withdraw his pending 28 U.S.C. § 2255 application." (ECF No. 44.) The Court granted the motion to withdraw Petitioner's § 2255 motion on the same day. (ECF No. 45.)

On July 28, 2022, Petitioner filed the instant motion to obtain relief from judgment or order, pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 46.) Petitioner seeks relief from the Court's Order dismissing his § 2255 motion. (*See id.*) Petitioner claims the following:

> This independent action is predicated upon newly discovered evidence that affirms that he is actually innocent of the offenses that the Government charged him with. Specifically, his conduct did not amount to the criminal culpability as required by the statute, as was argued in his initial and supplemental briefs. Therefore, the Government could not recharge [Petitioner] with the previous offense that it had originally charged him with. And [Petitioner's] counsel Mr. Levitt mistakenly advised [Petitioner] to prematurely withdraw his § 2255 motion based on the assumption that the Government could file other charges against him if he succeeded in vacating his current conviction.

(*Id.* at 1.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(2) motion seeking relief on the basis of "newly discovered evidence" and a Rule 60(b)(3) motion seeking relief on the basis of fraud must both be filed no more than a year after the entry of the judgment, order, or date of proceeding. *See* Fed. R. Civ. P. 60(c)(1).

Relief from a judgment under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. S*ee Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). "Nevertheless, the general one-year limit remains a rule of thumb: 'A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner.'" *July v. D'Ilio*, 2018 WL 3492144, at *2 (D.N.J. July 20, 2018) (quoting *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007)); *see Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir.1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within reasonable time). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). A party may not invoke Rule 60(b)(6) to circumvent this time limitation. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).

**III.   DECISION**

Here, Petitioner filed his Rule 60(b) motion nineteen months after the Court dismissed Petitioner's § 2255 motion. Petitioner's attempt to avoid the one-year time bar by claiming he is bringing the instant motion under Rule 60(b)(6) is unavailing. Petitioner explicitly states that his motion is based on "newly discovered evidence that affirms that he is actually innocent of the

offenses that the government charged him with." (ECF No. 46 at 1.) Petitioner also argues that his § 2255 counsel advised him to withdraw the motion because counsel was concerned if Petitioner "succeeded in vacating his conviction, the government would file additional charges against [Petitioner] that would expose him to a substantially longer sentence." (*Id.* at 4.) Petitioner alleges counsel's belief was based on the AUSA's misrepresentation of the evidence the government had against Petitioner. (*Id.*) Petitioner now claims that evidence discovered through a parallel civil suit showed that the government knew that Petitioner's conduct as a matter of law did not constitute a crime under 18 U.S.C. § 2423(b) or under any federal statute. (*Id.*) Petitioner claims this "newly discovered evidence" is that he was innocent as a matter of law because the victim was over 16 years of age and 18 U.S.C. § 2423(b) required the victim to be under 16 years of age. (*Id.* at 7-8.)

Petitioner's arguments raise claims under Rule 60(b)(2), arguing newly discovered evidence of the victim's age, and Rule 60(b)(3), arguing fraud based on alleged misrepresentations made by the AUSA to Petitioner's § 2255 counsel. Both Rule 60(b)(2) and (3) are subject to the one-year limitation period. Petitioner filed the instant motion more than one year after the Court's order dismissing his § 2255 motion. As such, the instant motion is untimely.

Assuming, arguendo, the Court viewed Petitioner's motion as moving under the catch-all provision of Rule 60(b)(6), the Court would still find the motion untimely. In Petitioner's counseled § 2255 motion, he argued that the Information failed to allege the crime of illicit sexual conduct. (ECF No. 36 at 11.) Petitioner argued the Information was defective because it alleged he violated 18 U.S.C § 2423(b) by "traveling interstate to engage in 'vaginal penetration in New York State prior to Minor Victim's 17th birthday" and the relevant statute requires the victim had "not attained the age of 16 years." (*Id.*) Furthermore, Petitioner cannot show "extraordinary circumstances" prevented him from bringing this motion within one year, when at the time

Petitioner filed his original motion, he was already aware of the victim's age and argued he was not guilty under the statute. *Moolenaar*, 822 F.2d at 1348 (finding Rule 60(b)(6) motion brought two years after final judgment was untimely and there were no extraordinary circumstances for the delay in filing when "the reason for the attack upon that judgment was available for attack upon the original judgment.")

### IV.    CONCLUSION

For the reasons set forth above, Petitioner's motion for relief from judgment (ECF No. 46) is **DENIED**. An appropriate order follows.

Dated: December 21, 2022

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**